(Cuyahoga County, Ohio, Court of Common Pleas, January 1897.)

STATE OF OHIO v. COAL COMPANY.

*Mining Co. building railroad—Change of charter as to location of principal office of such corporation must be made under sec. 3866a, and not under sec. 3311 Rev. Stat.*

A manufacturing and mining company, incorporated under the laws of this state, which, under section 3866, builds a railroad to connect its mine or manufactory with another railroad, canal, etc., after that so far as such railroad only is concerned, is controlled by section 3311, providing for the manner in which the location of its principal place of doing business may be changed. But a change in the location of its principal place of business, made under section 3311, only refers to the railroad it has constructed under such section 3866, and does not affect the location of its principal place of business so far as its mine or manufactory is concerned, the location of which can only be changed in compliance with section 3238a, Revised Statutes. An attempt, therefore, by a mining and manufacturing company, who has built such railroad, to amend its charter by changing the situs of the corporation from one county to another under section 3311, and not in compliance with section 3238a, would be ineffectual except as to such railroad, and a suit against such corporation after such attempted change, is properly brought in the county designated as the situs of such corporation in its original charter.

LAMSON, J.

The facts upon which the defendant predicates its motion to quash the service of summons in this case, and to dismiss the cause for want of jurisdiction, are in substance as follows: The defendant is a corporation for the purposes of mining and manufacturing, and in connection therewith, operating a railroad, under the laws of the state of Ohio governing the creation of such an organization. Its character fixed the location of its principal office in the city of Cleveland, county of Cuyahoga, state of Ohio. The defendant is the owner of certain coal mines situated in the counties of Perry, Hocking and Athens of this state, and in 1886 constructed a railroad about two miles in length running from its said mines to the line of the Columbus, Hocking Valley & Toledo Railway Company. The defendant does not now and never has owned any property in the county of Cuyahoga, and has not had an office in the city of Cleveland in said county for at least twelve years last past, and during that time has done no business of any kind in said county, but has had its principal office located in the county of Franklin, in the city of Columbus, where its principal business is and has during that time been transacted. In April, 1895, the board of directors of the defendant company passed a

resolution directing that the principal office of the company should be changed from Cleveland, Cuyahoga county, to the city of Columbus, in Franklin county; and some time before this action was commenced, caused the publication of the passage of said resolution to be made as required by sec. 3311 of the Revised Statutes of Ohio. No officer or agent of the defendant company was found within the county of Cuyahoga, and the summons which was served in this case was issued to the sheriff of Franklin county, state of Ohio, and served upon the defendant by handing a copy thereof to W A. Miller, president, and W. N. Cott, treasurer and secretary of said company, in said city of Columbus and county of Franklin.

Now, the defendant says that this action was not rightfully brought in the county of Cuyahoga, and therefore a summons could not be issued to the sheriff of the county of Franklin to be served upon the officers of the defendant company. The correctness of this claim depends upon the construction to be placed upon sec. 3866 R. S., under which the defendant company was incorporated, and sec. 3311 R. S., providing for the incorporation of railroad companies, and Sec. 5026 R. S., providing in what counties certain actions against corporations may be brought.

The plaintiff claims that it has a right to maintain this action against the defendant in this county, because, by the charter, the principal office of the company, that is, the situs of the company, is located in the county of Cuyahoga; and therefore, under the provisions of sec. 5026, the action is rightly brought in said county of Cuyahoga; and being rightfully brought in said county, under the provisions of sec. 5038, the summons in the action could be issued to the county of Franklin, and there served upon the officers of the defendant in that county. Section 5026, so far as it is applicable to this question, reads as follows:

"An action against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated or had its principal office or place of business."

And the plaintiff says this defendant corporation is situated and has its principal office in the county of Cuyahoga, in contemplation of law by the terms of its charter, although as a matter of fact it does its business in the city of Columbus, in Franklin county.

In answer to this I do not understand that the defendant company by its counsel disputes the claim that the action may be maintained against a corporation created under the laws of this state in any county which its charter designates as the location of its principal office or place of business, although as a matter of fact no principal office is maintained in that county; and if so, then the service under the section named might be made by a summons sent into a foreign county upon the officers found in that county.

The answer which the defendant company makes to this claim by the plaintiff company is, that neither in fact nor in law was the principal office or situs of the defendant company in Cuyahoga county at the time of the institution of this suit. That it was not in fact in said county, is apparent from the statement of facts in the case. Whether or not its situs in contemplation of law was in Cuyahoga county at the time this action was commenced, depends upon the effect to be given to the admitted action of the board of directors of the defendant company, in April, 1895, which was the adoption by said board of a resolution directing that the principal office of the company should be changed from Cleveland, Cuyahoga county, to the city of Columbus, Franklin county, of this state, and a publication made thereafter of this action on the part of said board. The defendant company says that by this action on the part of its board, its charter, so far as it fixed the situs of the company in Cuy-

.ahoga county, was amended so as to fix the situs of said company in Franklin county, of this state.

The correctness of this claim made by the defendant depends upon the effect to be given to sec. 3866 of the Revised Statutes of this state. section 3866 of the Rev. Stat. Ohio, provides: "That companies organized for the purpose of manufacturing, mining, etc., may, when such purpose is stated in the articles of incorporation, construct a railorad, etc., from its mine, quarry or manufactury, to any other railroad or any canal, etc., within or upon the borders of this state; and shall, in respect to such railroad, be subject to and governed by the provisions of chap. 2.

Chapter 2 provides for the construction, operation, etc. of railroad corporations; and sec. 3311, under the general head of "Railroad Companies," and under the sub-division head of "Regulations," provides as follows: "Each company shall, as soon as convenient after its organization, establish a principal or general office at some point on the line of ts road, or on the line of any road in this state with which it connects or has running arrangements, and may change the same at pleasure; and shall give public notice of such establishment or change, in some newspaper published on its line within this state; and the office of the president, secretary and treasurer of the company shall be kept at such principal or general office, or at some other point on the line of the road of the company within this state, and a record kept there of all the proceedings of the company, to be open at reasonable hours to the inspection of any stock-holders of the company."

Now, the defendant says that, having constructed a railroad of two miles in length under its charter as .it was authorized to do by sec. 3866 of the Revised Statutes, it then came under the provisions of sec. 3311 of the Revised Statutes as to the establishment and change of its general office; and therefore its action in April, 1895, by its Board of Directors was effectual in the amending of the charter of the company so as to change its situs from the county of Cuyahoga to the county of Franklin, in the state of Ohio; and this company was thus brought under the operations of sec. 3311 by force of the following provision in sec. 3866, to-wit: "And shall in respect to such railroad be subject to and governed by the provision of chap. 2."

Section 3866 is one of the sections found in Chap 17, Rev. Stats., under the title "Powers of Certain Corporations." It relates to corporations created under the general laws for the incorporation of companies under title 2, in chap. 1 of said statutes; and therefore, in effect, it becomes a part of these general provisions, the same as if incorporated in the said title and chapter.

The defendant company was incorporated under the general provisions of said title 2, chap. 1, and by reason thereof, is brought under the provisions of said sec. 3866. It follows, therefore, that said sec. 3866 must be construed in connection with the provisions of said tit. 2. chap. 1, in which it thus belongs, as well as in connection with the provisions of chap. 2, named in said section. And in determining the force and effect of the provisions of said sec. 3866 upon the defendant company, it is necessary to take into consideration all the provisions of said tit. 2, chap. 1, bearing upon the subject to which said section applies. These provisions are found in Secs. 3236 and 3238 of said title and chapter.

Section 3236 provides what the articles of incorporation shall contain; and these requisites are: First, the name of the corporation. Second, the place where it is to be located or where its principal business is to be transacted. Third, the purposes for which it is formed. Fourth, the amount of its capital stock, if it is an incorporation for profit, as the defendant company is. Thus we have it provided that one of the essen-

tials of the charter is the location or situs of the company; or, what is
equivalent to that, the place where its principal business is to be trans-
acted; and the defendant company, in preparing and submitting its char-
ter to the Secretary of State under this act, complied with the provisions
of this act in this respect, and designated the county of Cuyahoga as the
place where it was to be situated.

Said sec. 3238a provides for the amendment of the charter of an
incorporation; and which, in so far as is pertinent to this inquiry, is as
follows: "And corporations incorporated under the general corporation
laws of the state, may, at any meeting of its members or stock-holders,
of which and of the business to come before this meeting thirty days no-
tice has been given, by a majority of the directors or trustees of said cor-
poration, in a newspaper published and of general circulation in the coun-
ty where the principal place of business of the corporation is located, by
the vote of the owners of at least three-fifths of its capital stock then sub-
scribed, amend its articles of incorporation so as to change its corporate
name, or the place where it is to be located, or where its principal busi-
ness is to be located, etc."

This being the general provision applicable to all corporations for
profit, it becomes a part of the organic law of the defendant company,
unless it has been modified by the provision of Sec. 3866 which I have
already referred to and quoted. So this question reduces itself to an in-
quiry as to what extent the provision which I have referred to of sec.
3866 modifies the general provisions of sec. 3236. It will be noticed that
the general purpose of sec. 3866 is to enlarge the powers of mining and
manufacturing companies so that they may in addition to the purposes
of mining and manufacturing, and for the purposes of enabling them to
carry out more perfectly that object of their organization, build railroads
from their mines or manufactories to any other railroad or any water-
ways within or upon the borders of the state. It does not enlarge the
powers of such companies beyond the express language of the section,
and therefore does not confer upon such companies any of the powers of
railroad companies, either by the grant of power to build such road, or by
that part of said section which brings such companies, so far as the road
is concerned, under the regulations of chap. 2. Such companies still re-
main private corporations, having conferred upon them the right to
further the objects of their creation by constructing a railroad connect-
ing their mines, etc., with other public highways within or on the bor-
ders of the state.

The mining or manufacturing company is not merged into the rail-
road company, but remains intact. Coal Co. v. Wighton, 19 O S., 560.
The provisions of sec. 3866 do not bring all the departments of business
of such companies under the regulations found in chap. 2, but by its terms
is limited to the railroad department, the express language being: "In
respect to such railroad, the company shall be subject to and governed
by the provision of chap. 2."

The provisions of chap. 2 are not only thus limited to the railroad
branch of the company's business, but the provisions of said chapter thus
applied to said branch are also limited to such as are merely regulatory
in contradistinction from those which are grants of power. Such com-
panies as to all their departments other than the railroad department, so
far as regulations are concerned, and as to all departments so far as grants
of power are concerned, are therefore subject to the general provisions of
the statutes with reference to mining and manufacturing companies.
This necessarily excludes the application of the provisions of sec. 3311
to companies of this character, for the reason that by the express terms
of said sec. 3866, the provisions of sec. 3311 apply to a mere incident of

the corporate enterprise, and not to the corporation itself, as represent-
ing its entire corporate interests; and further because the provisions of
said Sec. 3311 are not merely regulatory in their nature, but are in sub-
stance and effect grants of power. It follows, then, that in order to
amend the defendant company's charter, changing the situs of said com-
pany, a vote of the stock-holders thereof according to the requirements
of said sec. 3238 is necessary; and that the attempt of the directors of
said company to amend said charter in that respect in 1895 was ineffect-
ual for want of power; the defendant company, therefore, having its situs
in the county of Cuyahoga, by virtue of its charter provisions, at the
time this action was commenced, said action was rightfully brought in
said county, under the provisions of sec. 5021; and being rightfully
brought in said county, then by virtue of the provisions of sec. 5031,
summons could issue to the county of Franklin, and be served there upon
the officers of the defendant company.

Other questions were argued upon the hearing of the motion, involv-
ing a construction of some of the provisions of said sec. 5021; but this
holding makes a consideration of those questions unnecessary, and the
motion is overruled.

Stevenson, Burke, J. E. Ingersoll and H. H. Poppleton, for plain-
tiff.

James H. Hoyt, and J. B. Foraker, for defendant.